*Court of Common Pleas, Dauphin County, February 9th, 1856.*

URICH *v.* FORNEY ET AL.

In an action of ejectment, when several persons have been joined in the suit as defendants, and against some the plaintiff failed to recover, they are entitled to obtain their costs from him, unless the judge before whom the case was tried shall certify that there was reasonable cause for making them parties. The act of 8 and 9 William III is in force in Pennsylvania.

BY THE COURT.—By the 1st section of the act 8 and 9 William III, cap. 12, s. 1, it is enacted: "That where several persons shall be made defendants to any action or plaint of trespass, assaults, false imprisonment, or *ejectione firmæ,* and any one or more of them shall be upon the trial thereof acquitted by verdict, every person or persons so acquitted shall have and recover his costs by suit, in like manner as if the verdict had been given against the plaintiff or plaintiffs, and acquitted all the defendants, unless the judge before whom the cause shall be tried, shall, immediately after the trial thereof, in open court, certify upon the record that there was a reasonable cause for making such person or persons a defendant to such action or plaint" (Roberts, Dig. of Stat. 139, 140). This statute is reported to be in force in Pennsylvania (3 Binney, 625).

The case under consideration comes within the very words of the act, being an action of *ejectione firmæ,* and the aid of authority is scarcely necessary. In cases not within the statute, if the plaintiff proceed to trial and recover judgment against any one defendant he will recover full costs, and the other defendants are not entitled to their costs. But if judgment be taken by default or on hearing against some in cases under the statute, and other defendants succeed in their defence, the plaintiff will have his costs against those defaulted, or from whom he recovers judgment, and

[Urich *v.* Forney et al.]

the other defendants are entitled to their costs against the plaintiff (2 H. Bl. 28 ; 6 Taunton, 398 ; Hulloch's Law of Costs, 142, 3 and 4 ; Bacon's Abt., title Costs, 6).

Even where there are several issues, and some are found for plaintiff and some for defendant, each one is entitled to costs on the issue found for him, and the court will direct them to be taxed accordingly (5 Dowl. 687 ; 1 Dowl. 533 ; 1 Pennsylvania Practice, 643), or probably under our practice, will not permit the plaintiff to charge for his witnesses on the issues found for the defendant (5 P. L. J. 94).

Judge Kennedy fully recognizes the right of the acquitted defendants to recover their costs in cases coming within the statute of William III, in Maus *v.* Maus (10 Watts. 87). We were not called on to certify on the record "*immediately after the trial*," that there was probable grounds for making these parties defendants ; and we do not consider that the plaintiff has any equity which could justify us in certifying at an after time, *nunc pro tunc*, even if we possessed the power. Five individuals were sued, two of whom we are of the opinion now, as well as on the trial, were improperly made parties, not living in actual or constructive possession of the land, and having no interest therein. Two others took a separate defence for the land, severally held by them, and on the trial for that portion all of the costs accrued. A verdict went in their favor on the merits, and in equity and good conscience they are entitled to their costs, though it must be conceded that they could not obtain them independent of the statutes. The fifth party had no defence, and against him the plaintiff recovered a verdict. He held his land by a separate title, and severed in his defence, the Cassels disclaiming to hold either title or possession with him. In our opinion the only hardship is in throwing on Beaver the whole expense of the trial, as no part of the plaintiff's evidence was necessary as against him. The witnesses of the plaintiff were all introduced to establish the issues against the Cassels. Yet we can afford Beaver no relief, as there is a general verdict and judgment against him.

The docket costs, plaintiff's bill, etc., can all be taxed and recovered from Beaver, and the other defendants are entitled by law to have the bills for their witnesses taxed against the plaintiff and to demand process for its collection. It is therefore ordered that the first four defendants on the record who have had a verdict in their favor be permitted to tax the cost for their witnesses (except for the attendance of Forney and Foucht, who were in court as parties), and on the bill being duly taxed, allowed, presented, and demanded, the court will enforce its payment by attachment.

*Berryhill and H. Alricks, for plaintiff.*

*Alricks, McCormick, and Fisher, for defendants.*